CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 05 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CHRISTOPHER F. GOAD, SR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:10CV00139 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CHRISTOPHER F. GOAD, JR., et al., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

The plaintiff, Christopher F. Goad, Sr., a federal inmate proceeding pro se, filed this action on December 30, 2010, naming Christopher F. Goad, Jr. and Carrie E. Goad as defendants. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After conducting an initial screening of this action, however, the court concludes that it must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**Factual Background**

The plaintiff is currently incarcerated at a federal correctional facility in Pennsylvania. He "was arrested by federal authorities on April 9, 2008 for charges relating to a marijuana grow[ing] operation located at the plaintiff's residence in Henrico, Virginia." (Compl. at para. 5).

The defendants, Christopher F. Goad, Jr. ("Chris Jr.") and Carrie E. Goad, are the plaintiff's son and daughter-in-law. They currently reside in Stephens City, Virginia.

In the instant complaint, the plaintiff alleges that although Chris Jr. helped plan, build, and oversee the marijuana growing operation, the government offered to refrain from pursuing criminal charges against him in exchange for providing information that could lead to additional

charges against the plaintiff or be used to increase the plaintiff's federal sentence. In response, both Chris Jr. and the plaintiff's daughter-in-law allegedly made untrue and defamatory statements about the plaintiff to government officials and other entities. Specifically, the plaintiff alleges that the defendants falsely stated to government officials that the plaintiff had obtained and used credit cards in one or both of their names without their knowledge from American Express, Home Depot, and Wachovia. The plaintiff further alleges that the defendants "made the same untrue and defamatory statements . . . to representatives of American Express, Home Depot, and [Wachovia]." (Compl. at para. 54). The plaintiff contends that the false statements were made with malice, and "with the clear intent to damage the plaintiff and to further [Chris Jr.'s] cause in terms of no arrest or a lighter sentence." (Compl. at para. 50).

Based on the foregoing allegations, the plaintiff filed this action against the defendants on December 30, 2010. The complaint asserts claims under state law for slander, malicious prosecution, intentional infliction of emotional distress, and abuse of process. The plaintiff seeks damages in the amount of $500,000.00.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter

jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiff's complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiff has failed to allege any violation of federal law which might support the exercise of jurisdiction under § 1331. See 28 U.S.C. § 1331 (limiting jurisdiction to claims "arising under the Constitution, laws or treaties of the United States"). Additionally, although his complaint purports to invoke the court's diversity jurisdiction,* the plaintiff has failed to demonstrate that complete diversity of citizenship exists between the parties as required by § 1332. The defendants are residents of Virginia, and the plaintiff's complaint reflects that, prior to his arrest, the plaintiff was also a Virginia resident. "For diversity jurisdiction purposes, a prisoner's domicile is presumed to be where he was domiciled prior to incarceration." Roberts v. Morchower, 1992 U.S. App. LEXIS 3848, at *1 (4th Cir. Mar. 4, 1992); see also Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977) (explaining

---

* In a section entitled "Jurisdiction," the plaintiff emphasizes that the defendants live in Virginia, that the plaintiff is incarcerated in Pennsylvania, and that he is seeking more than $75,000 in damages.

3

that "the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration"). Accordingly, the complaint is subject to dismissal for lack of subject matter jurisdiction. See Id.; see also Jones, 552 F.2d at 251 (holding that a prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile," in order to rebut the presumption that he retains his pre-incarceration domicile).

## Conclusion

For the reasons stated, the court concludes that the instant action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 5th day of January, 2011.

_____
Chief United States District Judge